[Cite as *JP Morgan Chase Bank, NA v. Koontz*, 2014-Ohio-3904.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| JP MORGAN CHASE BANK, NA | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Patricia A. Delaney, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 2014-CA-00013 |
| PAUL E. KOONTS, JR. | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Perry County Court of
                             Common Pleas, Case No. 12-CV-00023

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      September 8, 2014

APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

THOMAS WYATT PALMER                     BRUCE M. BROYLES
MICHAEL L. DILLARD                      5815 Market Street, Suite 2
Thompson Hine LLP                       Boardman, Ohio 44512
41 S. High St., Suite 1700
Columbus, Ohio 43215

STEPHEN D. WILLIGER
Thompson Hine LLP
127 Public Square
3900 Key Tower
Cleveland, Ohio 44114

*Hoffman, P.J.*

{¶1} Defendant-appellant Paul E. Koonts, Jr. appeals the February 13, 2014 Judgment Entry entered by the Perry County Court of Common Pleas, which denied his Civ. R. 60(B) motion for relief from judgment. Plaintiff-appellee is JP Morgan Chase Bank, NA ("the Bank").

STATEMENT OF THE CASE AND FACTS

{¶2} The Bank filed a Complaint for Foreclosure and Declaratory Judgment on January 25, 2012. After retaining Attorney Mitchell Marczewski, Appellant filed a Chapter 13 Petition for Bankruptcy on March 27, 2012. Attorney Marczewski filed a Notice of Bankruptcy with the trial court on March 29, 2012. The trial court stayed the matter. The Bankruptcy Court subsequently dismissed the petition. Attorney Marczewski filed a Notice of Bankruptcy Dismissal on April 4, 2013. Via Entry filed April 8, 2013, the trial court lifted the stay and the matter was returned to the active docket. On May 16, 2013, the Bank filed a motion for default judgment. A copy of the motion was served upon Appellant. The trial court granted default judgment to the Bank via judgment Entry filed June 25, 2013. The trial court issued an order of sale on July 8, 2013.

{¶3} Appellant filed motion for stay of execution and to cancel the sheriff's sale on September 10, 2013. Appellant filed a motion for relief from judgment on the same day. Therein, Appellant argued he was entitled to relief from judgment under one of the grounds set forth in Civ. R. 60(B)(1) – (5). In his Affidavit, Appellant averred he did not understand it was necessary for him to do something to protect his interest in this matter

following the bankruptcy dismissal. Appellant further stated he did not receive a notice of default or notice of acceleration from the Bank.

{¶4} Via Entry filed February 13, 2014, the trial court denied Appellant's motion for relief from judgment. The trial court issued an order of sale on February 25, 2014.

{¶5} It is from this judgment entry Appellant appeals, raising as his sole assignment of error:

{¶6} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING THE MOTION FOR RELIEF FROM JUDGMENT."

{¶7} The decision whether to grant a motion for relief from judgment under Civ.R. 60(B) lies within the trial court's sound discretion. *Griffey v. Rajan* (1987), 33 Ohio St.3d 75, 514 N.E.2d 1122. In order to find abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

{¶8} Civ. R. 60(B) provides the basis upon which a party may obtain relief from judgment, and states in pertinent part: "On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment, order or proceedings for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief

from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered to taken."

**{¶9}** To prevail on a motion made pursuant to Civ.R. 60(B), the movant must demonstrate: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken. *GTE Automatic Electric, Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 150–151. Where timely relief is sought from a default judgment, and the movant has a meritorious defense, doubt should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits. *Id.* at paragraph three of the syllabus. The *GTE Automatic* factors are "independent and conjunctive, not disjunctive." *Blaney v. Kerrigan* (Aug. 4, 1986), Fairfield App. No. 12–CA–86. "[F]ailing to meet one is fatal, for all three must be satisfied in order to gain relief." *Id.*

**{¶10}** In his Civ. R. 60(B) motion, Appellant argued he had a meritorious defense as the Bank failed to satisfy a condition precedent before filing the foreclosure action. Assuming, arguendo, the Bank's failure to satisfy a condition precedent constitutes a meritorious defense, we, nonetheless, find the trial court did not abuse its discretion in denying Appellant's motion.

**{¶11}** Appellant cannot establish his failure to file an answer was due to excusable neglect. The Bank served a copy of the complaint on Appellant. Appellant

subsequently retained counsel and filed for bankruptcy protection. After the Bankruptcy Court dismissed his petition and the matter reinstated to the active docket, the Bank filed its motion for default judgment. The Bank served a copy of the motion on Appellant. Appellant did not respond to the motion in any manner. Thus, on two occasions, Appellant failed to respond to court pleadings. We cannot find the trial court abused its discretion in denying Appellant's motion for relief from judgment as Appellant as not established excusable neglect.

{¶12} In his Brief to this Court, Appellant now claims he is entitled to relief because he was abandoned by his [bankruptcy] attorney. Appellant did not assert this argument to the trial court in his Civ. R. 60(B) motion. Appellant's failure to raise this issue in the trial court when he filed his Civ.R. 60(B) motion waived it for purposes of appellate review. *Gentile v. Ristas,* 160 Ohio App.3d 765, 2005–Ohio–2197, 828 N.E.2d 1021, ¶ 74. We cannot find that the trial court abused its discretion in denying Civ.R. 60(B) relief based upon arguments that were never presented to it.

{¶13} Appellant's sole assignment of error is overruled.

**{¶14}** The judgment of the Perry County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Delaney, J.  and

Baldwin, J. concur